89 So.2d 110

Delores Swoopes JONES

v.

STATE.

8 Div. 877.

Court of Appeals of Alabama.

June 26, 1956.

Harold T. Pounders, Florence, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted upon a Solicitor's complaint charging her with wilfully disturbing a school, an offense denounced by Section 118, Title 14, Code of Alabama 1940.

The evidence presented by the State tended to show that the appellant had formerly been employed as a teacher and librarian in the Trenholm High School, in Tuscumbia. About Thanksgiving of 1954 she became ill, and another teacher was employed in her place.

Upon the first day of school after the Christmas holidays, the appellant arrived at the school before it opened and proceeded to occupy her desk and chair in the library. Classes were also held in the library, and Doris Carter, the teacher employed in appellant's place, was also there ready to carry out her duties as teacher and librarian. Patrick Wesley, the principal of the school, was also in the library.

Upon school taking in the pupils came into the library to class, and some of them asked who was their instructor. To this question the appellant replied: "Who has always been your instructor?"

According to Wesley the children laughed at this reply.

At this point Wesley called Dr. Brown, the superintendent of schools and informed him of the situation.

Dr. Brown arrived in a short while, and had a conference with the appellant in which he told her she was no longer employed and could not act as a teacher, but that she could remain as a visitor.

The appellant remained in the library until about 1:30 P.M. During most of this time she occupied the desk and chair regularly occupied by the teacher of the class, although requested by Wesley and Doris Carter to surrender it.

Classes which were regularly taught in the library were not held there, but were moved to another room that morning.

About 2 P.M. the appellant was arrested and escorted from the building.

The appellant's testimony in her own behalf does not materially contradict the evidence presented by the State.

Counsel for appellant argues several points as constituting error. While the court's ruling was invoked many times, we feel, after a review of the record, that counsel has argued all possible points possibly possessing merit, so we will confine our discussion to the points so argued.

During the cross examination of the principal Patrick Wesley he was asked if it were not a fact that he had gone to appellant's home while she was off work because of sickness in the latter part of November with a letter of resignation, which the appellant refused to sign.

The court sustained the State's objection to the questions, stating that it was not in rebuttal to matters brought out on direct examination, and further that: "It is immaterial whether she was there as a teacher or not. If she disturbed the assembly, it is immaterial whether or not she was employed."

While Wesley had testified, on direct examination, that he knew the appellant had orally resigned as a teacher prior to her appearance at the school in January, we pretermit consideration of counsel's contention that the court's ruling was an unreasonable limitation upon the right of cross examination, this for the reason that under even the appellant's testimony she was informed at the first by Dr. Brown, the superintendent of education, that she could remain at the school only as a visitor and not as a teacher. By Section 179, Title 52, Code of Alabama 1940, the city

superintendent of schools is empowered to decide all controversies involving the proper administration of the public schools, and by Section 187, supra, he is empowered to suspend teachers for cause, subject to the provisions of Chapter 13, of Title 52, Code of Alabama 1940.

Dr. Brown was therefore acting within his powers when he informed appellant she could remain at the school only as a visitor. Even if it be argued that appellant had not properly been disconnected from her employment, she was definitely suspended from her duties by Dr. Brown on the morning in question. If she felt aggrieved, her resort was to the courts, and not by self help. Whether she was, or was not, yet employed as a teacher was therefore immaterial to the issue of whether she was guilty of disturbing the school. No error therefore resulted in this ruling by the court.

During the cross examination of the witness Wesley the State's objection to the following question was sustained:

> "Isn't it a matter of fact that you told some people—you told in the presence of Earline Horton, Mansell Long and others—you told them that Dr. Brown came and got you to sign these papers? You told them you didn't know you were swearing out a warrant in this case?"

■ On cross examination of a witness as to statements made out of court contrary to the witness' testimony on direct, objections may properly be sustained unless the witness being cross examined is informed of the time, place, circumstances, persons involved and statement alleged to have been made. Sparks v. State, 261 Ala. 2, 75 So. 2d 103, and cases cited therein.

It is obvious that the above question is lacking in several of the requisites above mentioned. The court therefore did not err in its ruling in this instance.

■ The court likewise did not err in sustaining objections to questions propounded to defense witnesses Mancel Long, and Alberta Gore, which questions were directed to showing contradictory statements made by Wesley concerning the occurrence at the school on the morning in question. This for the reason that no predicate had been established during the examination of Wesley for such impeaching testimony.

■ The court likewise did not err in sustaining the State's objection to questions propounded to Patricia Day, and Emma Johnson, two pupils present in the library on the morning in question, as to whether they were disturbed by the appellant, or whether the class was taught in the usual manner, or whether anything was done or said by the appellant that morning that was out of the ordinary or unusual.

Such questions called for conclusions on the part of the witness, and were invasive of the province of the court.

■ Counsel further contends that the evidence is insufficient to sustain the judgment entered, in that the conduct of the appellant was not such as that its natural consequences would be to disturb the school.

The undisputed evidence shows that this appellant, despite protests by the school principal and the superintendent, forcibly injected herself as teacher into a position already occupied by another teacher. The regular teacher was considerably handicapped, if not prevented entirely, in carrying out her duties in an orderly manner. Because of appellant's conduct it even became necessary to move the classes scheduled for the library to other school rooms. Clearly such willful conduct on the part of this appellant constituted a disturbance of the school.

Nor can the fact that the appellant was granted permission by Dr. Brown to remain at the school as a visitor constitute

a defense. This permission constituted a mere license, and when the appellant by her conduct exceeded the terms of the license the same was thereby revoked.

Affirmed.